UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STANFORD J. SIGLER, § § § *Plaintiff*, § § *v.* § § CALIBER HOME LOANS, INC., as § Servicer for U.S. Bank Trust, N.A., Trustee § for LSF8 Master Participation Trust § § *Defendant.* § § | Civil Action No. SA-16-CV-717-XR |

## ORDER

On this date, the Court considered the status of the above captioned case, along with Defendant's Motion to Dismiss. Docket no. 8. After careful consideration, the Court GRANTS Defendant's motion.

## BACKGROUND

Plaintiff Stanford J. Sigler initiated this case by filing his original petition in the 150th Judicial District Court for Bexar County on July 1, 2016. Docket no. 1-2 at 2. On July 14, Plaintiff removed his own action to this Court on the basis of diversity of citizenship.[1] Docket no. 1. Plaintff's petition states that he purchased his home at 74 Camellia Way, San Antonio, Texas 78209 in 2003 with financing originally provided by Sterling Capital Mortgage. Docket no. 1-2 at 5. HSBC Mortgage later "picked up" the financing, and Defendant Caliber Home Loans "either purchased the note from HSBC Mortgage or began servicing the note on behalf of HSBC Mortgage" in December 2013. *Id*. Plaintiff admits that he became delinquent on his mortgage obligation around the same time. *Id*.

---

[1] The Court will analyze the procedural and jurisdictional implications of Plaintiff removing his own case later in this order.

Plaintiff alleges that Defendant began a loan modification review, stating that it could not accept payments during this process. *Id*. Plaintiff allegedly relied on this representation as an indication that no foreclosure would occur, and accordingly did not make further payments. *Id*. During this time, Plaintiff's mortgage arrears increased. *Id*. Ultimately, Defendant allegedly informed Plaintiff that it would not modify the loan, and foreclosed on the home. *Id*. at 7.

Under a separate section titled "Causes of Action," Plaintiff lays out several legal theories. Docket no. 1-2 at 9. Several of these request an accounting based on discrepancies in records and Plaintiff's allegation that Defendant erroneously maintained its records. *Id*. Another states that Plaintiff was misled by Defendant's promise that no foreclosure would occur, and that as a result, his arrears grew. *Id*. Finally, he states that Defendant "cannot prove it is the Holder of Plaintiffs [sic] note and/or is not acting with the authority of the Holder of Plaintiffs [sic] note to foreclose on Plaintiffs [sic] property." *Id*.

Approximately three months after Plaintiff removed his case, the Court issued a show cause order, requiring Plaintiff to explain why no proof of service had been filed as to Defendant. Docket no. 2. Plaintiff timely responded and served Defendant with process, and the Court granted him extra time to effect service. Docket no. 6. On November 18—more than four months after Plaintiff removed his own case—Defendant filed the motion to dismiss now before the Court. Docket no. 8. Plaintiff did not respond to the motion.

## DISCUSSION

### I. Subject Matter Jurisdiction

As a gateway issue, this Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The fact that this case arrived at this Court after Plaintiff—not Defendant—filed a notice of removal raises questions about the existence of subject matter jurisdiction over this case. For

the reasons discussed below, this Court has subject matter jurisdiction, and can properly proceed to deciding Defendant's motion on its merits.

Plaintiff's notice of removal states that subject matter jurisdiction is based on diversity of citizenship. Docket no. 1 (citing 28 U.S.C. § 1332). Plaintiff states that he is a citizen of Texas. *Id*. at 4. He alleges that Defendant is a national bank, which is a citizen of the state in which it has its main office, as set forth in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Plaintiff's notice of removal states that Defendant is thus a citizen of California. *Id*. Because Plaintiff's complaint seeks to set aside a foreclosure, the value of the property determines the amount in controversy for diversity purposes. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009); *Valadez v. Bank of Am.*, SA-13-CA-271-XR, 2013 WL 3559145, at *3 (W.D. Tex. July 11, 2013). Plaintiff alleges that the value of the property exceeds $100,000. Docket no. 1 at 4. Therefore, because the parties are diverse and the amount in controversy exceeds $75,000, the prima facie requirements of 28 U.S.C. § 1332 are satisfied.

This conclusion, however, does not end the Court's jurisdictional analysis, and the Court now turns to whether Plaintiff removing his own case defeats jurisdiction. The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). This language, clear on its face, has consistently been interpreted as preventing a plaintiff from removing an action that he filed in state court. *E.g.*, *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993).

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The United States Supreme Court has summarized this statute as follows:

3

> In substance, the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. § 1447(c). For the former kind of case, remand may take place without such a motion and at any time.

*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). Some courts have viewed a plaintiff's removal of his own action as the former type of defect described in *Schact*—a jurisdictional one that warrants remand at any stage in the case, *sua sponte* if necessary. *E.g.*, *Black v. Kilmartin*, No. CA 11-265 M, 2011 WL 2971548, at *1 (D.R.I. July 6, 2011), *report and recommendation adopted*, No. CA 11-265M, 2011 WL 2971359 (D.R.I. July 20, 2011) ("[T]his Court lacks jurisdiction over the action, and it should be summarily remanded."). Other courts, including district courts in this circuit, have found that removal of a case by the plaintiff is the latter type of defect described in *Schact*—a procedural one that must be raised within 30 days of the notice of removal lest it be waived. *E.g.*, *FIA Card Servs., N.A. v. Gachiengu*, No. CIV.A. H-07-2382, 2008 WL 336300, at *4 (S.D. Tex. Feb. 5, 2008) ("[T]he fact that FIA removed the case despite its status as a plaintiff is a procedural defect. By delaying nearly six months to file a motion to remand, [defendant] waived his objection to this procedural defect); *Roger Ward--San Antonio, Inc. v. Miles*, No. CIV.A.3:02-CV-354-R, 2002 WL 1592645, at *2 (N.D. Tex. July 18, 2002).

This Court follows the latter approach based on the persuasive and simple logic behind those decisions: "the fact that removal is contrary to the technical requirements [of § 1441(a) or § 1446(b)] has no effect on subject matter jurisdiction. Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period [in § 1447(c)] for seeking remand on non-jurisdictional grounds." *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999). In sum, Plaintiff's removal of his own action is a procedural

defect that must be raised within 30 days or else it is waived without depriving the federal district court of subject matter jurisdiction.[2]

## II. Defendant's Motion

### a. Legal Standard

#### i. 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

#### ii. Documents that May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383,

---

[2] The Court points out that this analysis is undertaken *sua sponte* to fulfill the duty of a federal district court to examine its own subject matter jurisdiction. Defendant did not move to remand, and neither party has questioned this Court's subject matter jurisdiction.

387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim'"). A district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendant attached Plaintiff's deed of trust to its motion to dismiss. Docket no. 8-1 at 3–19. This document is referenced in the complaint and provides the authority for Defendant to foreclose. Moreover, the deed of trust has been recorded and is a matter of public record. For these reasons, the Court takes judicial notice of the deed of trust and will consider the document in ruling on Defendant's motion to dismiss. The Court does the same with the documents attached to Defendant's motion to dismiss that establish U.S. bank Trust N/A as the current holder of the note because these documents are matters of public record.[3]

**b.  Analysis**

As Defendant correctly points out, Plaintiff's petition does not identify or delineate specific causes of action. In the interests of completeness, the Court will analyze these allegations in the context of any causes of action that Plaintiff might be asserting. For the reasons discussed below, Plaintiff fails to state a viable cause of action, and his case is dismissed.

---

[3] Docket no. 8-1 at 20–21 (Assignment of Deed of Trust from Sterling Capital Mortgage to Milestone Mortgage Company); Docket no. 8-1 at 22 (Assignment of Deed of Trust from Milestone Mortgage Company to Household Mortgage Services); Docket no. 8-1 at 23–24 (Assignment of Deed of Trust from Household Mortgage Services to Household Finance Corp.); Docket no. 8-1 at 25 (Assignment of Deed of Trust from Household Finance Corp. to LSF8 Master Participation Trust); Docket no. 8-1 at 26–27 (Assignment of Deed of Trust from LSF8 Master Participation Trust to Defendant U.S. Bank Trust).

### i. Promissory Estoppel and Breach of Contract.

Plaintiff alleges that "[he] was misled to believe that no foreclosure would take place until the modification review was completed or that [he] qualified for a modification of their [sic] underlying debt." Docket no. 1 at 2. This appears to be an allegation that Defendant contracted to not foreclose or that it promised to qualify Plaintiff for a modification of the loan. There is no allegation that these contracts or promises were in writing.

In Texas, the statute of frauds requires that loan agreements in excess of $50,000 be in writing to be enforceable. TEX. BUS. & COMM. CODE § 26.02; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). The statute defines "loan agreements" to include:

> [O]ne or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

TEX. BUS. & COM. CODE § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see Martins*, 722 F.3d at 256 ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank N.A.*, 508 F. App'x. 326, 328–29 (5th Cir. 2013). Plaintiff's mortgage is subject to the statute of frauds because it includes a loan agreement in the original amount of $128,800.00. Docket no. 8-1 at 3; *see* TEX. BUS. & COM. CODE § 26.02; *Martins*, 722 F.3d at 256. Therefore, any modification of the loan or

7

any agreement to postpone a foreclosure sale of the property secured by the loan would have to be in writing to be enforceable. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. The statue of frauds in this context applies similarly to both breach of contract and promissory estoppel claims. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. As a result, the statute of frauds bars any such claims.

### ii. Defendant's Standing to Foreclose

Though he does not specify a cause of action, Plaintiff states that Defendant does not have authority to foreclose. This claim is without merit. The documents attached to Defendant's motion to dismiss, of which the Court has taken judicial notice, establish a clear chain of title leading to U.S. Bank Trust N.A. *See supra* footnote 3. This chain of title establishes that U.S. Bank Trust N.A. is the mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(C) ("'Mortgagee' means . . . if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."). In addition, Plaintiff admits that Defendant is the mortgage servicer. Docket no. 1-2 at 5 ("[O]n or about December 2013, [Defendant] either purchased the note from HSBC Mortgage or began servicing the note on behalf of HSBC Mortgage."). A mortgage can be foreclosed upon by either the mortgage servicer or the mortgagee. TEX. PROP. CODE § 51.002, 51.0025; *Johnson v. Bank of Am., N.A.*, No. CIV.A. H-13-2029, 2014 WL 4923970, at *4 (S.D. Tex. Sept. 30, 2014). Accordingly, Defendant, as the mortgage servicer, has standing to pursue such a foreclosure.[4]

---

[4] This is true despite "Plaintiff's contention that the note and the Deed of Trust are tied together and therefore, one without the other cannot stand scrutiny on authority to foreclose." Docket no. 1-2 at 9. "The Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (quoting *Bierwirth v. BAC Home Loans Servicing, L.P.*, 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, pet. denied)

### iii. Accounting

Much of Plaintiff's petition makes conclusory allegations regarding discrepancies in records and amounts due that can be construed as laying out a cause of action for an accounting. "[S]ome Texas appellate courts have found that '[a]n action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action.'" *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013). As discussed above, Plaintiff has not stated an independent cause of action, so he cannot be seeking an accounting as a remedy. As a result, he can only be asserting an accounting as an independent cause of action, which is proper only "when the facts and accounts presented are so complex that adequate relief may not be obtained by law." *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied). Plaintiff's allegations are too conclusory to be complex, and do not state an independent cause of action for an accounting. Accordingly, Plaintiff is not entitled to an accounting.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket no. 8) is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 5th day of January, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE